UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TURNER INDUSTRIES GROUP, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-00456 |
| | § | |
| INTERNATIONAL UNION OF | § | |
| OPERATING ENGINEERS, LOCAL 450, | § | |
| *Defendant*. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SPEEDY HEARING AND EXPEDITED DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S MOTION FOR SPEEDY HEARING AND EXPEDITED DISCOVERY

TO THE HONORABLE COURT:

COMES NOW International Union of Operating Engineers, Local 450, Defendant, and files this response in opposition to Plaintiff's Motion for Speedy Hearing and Expedited Discovery, or in the alternative, Motion to Strike Plaintiff's Motion for Speedy Hearing and Expedited Discovery. In support, Local 450 would show the Court as follows:

**I. Introduction**

Plaintiff filed this lawsuit on February 20, 2013. Plaintiff served Local 450 with the suit on March 12, 2013. Local 450 filed its Motion to Dismiss on April 2, 2013. Despite the urgency with which Plaintiff now claims the suit must proceed, Plaintiff waited until the penultimate day, April 22, to respond to the motion. That same day, Plaintiff filed an amended complaint adding another cause of action, along with its motion for a speedy hearing and expedited discovery. The Court should decline to grant the relief requested by Plaintiff for 3 reasons: (1) the motion should be denied or stricken because of Plaintiff's failure to comply with Local Rule 7.1(C)–(D); (2) Plaintiff seeks an impermissible end run around the screening function of Federal Rule of Procedure 12; and (3) Plaintiff has not made an adequate factual showing that it should be

allowed to begin taking depositions two weeks after filing its live pleading or to proceed to trial within two months after filing its live pleading.

## II. Plaintiff's motion should be denied or stricken because it fails to comply with Local Rule 7.1(C)–(D)

Southern District Local Rule 7.1(C) requires that opposed motions "[b]e accompanied by a separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted." Local Rule 7.1(D) requires that opposed motions "contain an averment that (1) The movant has conferred with the respondent and (2) Counsel cannot agree about the disposition of the motion."[1] Plaintiff's motion fails to comply with both requirements.

The appropriate remedy for failure to comply with Local Rule 7.1 is denial or striking of the motion. Memorandum and Order (Document 53) at 3 n.1, *Golden v. Austin County Sheriff's Dep't*, No. 4:09-cv-00817 (S.D. Tex. Sept. 16, 2009) ("The motion for leave is denied. Counsel for the plaintiffs did not confer with counsel for the defendants before filing the motion for leave, as required by Local Rule 7.1(D)."); *Washington Int'l Ins. Co. v. Rafael A. Morales, Inc.*, No. L-06-56, 2007 WL 2363003, at *1 n.1 (S.D. Tex. Aug. 16, 2007) ("Plaintiff's original motion for leave to amend [Doc. No. 55], filed on June 27, 2007, was denied without prejudice for failing to include a certificate of conference as required under Local Rule 7.1, S.D. Tex."); *O'Neill v. Seariver Maritime, Inc.*, No. G-05-425, 2007 WL 656480, at *2 (S.D. Tex. Feb. 27, 2007) ("[T]he omission of the statements [regarding whether counsel had conferred about the motion and whether the motion was opposed] left the Court without the information necessary to fairly determine the validity of the Motion. As such, the Court found it necessary to strike the [motion

---

[1] The rule excepts "motions under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56," but Plaintiff's motion was not filed under any of those rules.

for new trial] pleading and finds it necessary to deny SeaRiver's Motion for Reconsideration [of the order striking the motion].").

Accordingly, Local 450 requests that the Court deny or strike Plaintiff's motion for failure to comply with Local Rule 7.1(C)–(D).

### III. Local 450's Motion to Dismiss should be decided before Plaintiff is granted discovery, much less a merits hearing

Local 450 has a pending motion to dismiss Plaintiff's declaratory-judgment claim under Rule 12(b)(1), (3), and (6). In order for the purposes underlying Rule 12 to be effectuated, that motion should be decided before Plaintiff is granted discovery, much less a hearing on the merits of its declaratory-judgment claim.

Federal Rule of Civil Procedure 12(b)(6) is designed to permit trial courts to dismiss lawsuits "that are fatally flawed in their legal premises and destined to fail, **and thus to spare litigants the burdens of unnecessary pretrial** and trial **activity**." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (emphases added).

It is well established that "there is no general right to discovery upon filing of the complaint." *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007). Indeed, the "very purpose of FED. R. CIV. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* Accordingly, "if the allegations of the complaint fail to establish the requisite elements of the cause of action, [the Court's] requiring costly and time consuming discovery and trial work would represent an abdication of [the Court's] judicial responsibility." *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980). "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Therefore, Local 450 requests that Plaintiff's motion be denied because Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's declaratory-judgment claim is still pending.

Similarly, when there is a pending motion under Rule 12(b)(1), discovery should be limited to the jurisdictional issue raised, and even then, the "party seeking discovery bears the burden of showing its necessity." *Freeman v. US*, 556 F. 3d 326, 341 (5th Cir. 2009). Therefore, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Id.* at 342.

Here, Plaintiff has already responded to Defendant's Rule 12(b)(1) motion. Thus, any discovery is not likely to produce facts needed to withstand the motion. As a result, Plaintiff should not be granted discovery while the Rule 12(b)(1) motion is pending.

The Court may also allow limited discovery pertaining to venue facts in order to decide a motion under Rule 12(b)(3). *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002). But again, Plaintiff has already responded to Defendant's Rule 12(b)(3) motion, and thus discovery should not be allowed before that motion is decided.

**IV. Plaintiff has not made an adequate factual showing to support expedited discovery or a speedy hearing**

It is well established that "[e]xpedited discovery is not the norm." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). "While depositions 'sooner than later' may help in a 'speedy' resolution, that reason alone does not constitute good cause. If it did, then expedited discovery would be the norm instead of the exception, and there would be no substantive purpose for Federal Rule 26(d)(1)." *Id.* at 242.

Here, Plaintiff's primary argument for expedited discovery is that taking depositions sooner than later would help in the speedy resolution of the case. As shown above, that is

insufficient to show good cause. Plaintiff also claims that "[b]ecause the Local 406 operators who worked for TIG in South Texas will scatter over time, it is imperative that they be subpoenaed and deposed quickly," but Plaintiff offers no evidentiary support for this conclusory assertion.

"Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Id.* at 240; *see also Irish Lesbian & Gay Org. v. Giuliani*, 918 F.Supp. 728, 730–31 (S.D.N.Y. 1996) ("[C]ourts generally deny motions for expedited discovery when the movant's discovery requests are overly broad."). Here, Plaintiff has not tailored its request for expedited discovery in any way. Rather, Plaintiff requests permission from the Court to conduct free-ranging depositions of all the fact witnesses in the case who are not under Plaintiff's control. This constitutes an inappropriate request for expedited discovery. *See St. Louis Group, Inc.*, 275 F.R.D. at 241 ("[T]he Court is hesitant to grant such a request because it is unclear if Defendants are seeking free-ranging depositions of these witnesses or whether they are simply seeking to depose the witnesses about [one specific topic that would arguably support expedited discovery].").

For these reasons, the Court should deny Plaintiff's overly broad and unsupported request for expedited discovery. Similarly, the Court should deny Plaintiff's request for a merits hearing on its declaratory-judgment claim within two months of the filing of its live pleading.

Plaintiff claims that it has a "Right to a Speedy Hearing Under Rule 57." That is inaccurate. Plaintiff does not have the right to any type of hearing under Rule 57. The Declaratory Judgment Act "neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory

remedies." *Diaz-Fonseca v. Puerto Rico*, 451 F. 3d 13, 39 (1st Cir. 2006). "Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief." *Id.*

The primary basis for Plaintiff's request for a merits hearing within two months of filing its live pleading is the fact that Plaintiff just got around to filing all its claims concerning a purported contract that expires soon. Plaintiff has cited no authority providing that this is a legitimate ground to accelerate the process to move as quickly as Plaintiff seeks.

Plaintiff claims that because the purported agreement expires on June 30, 2013, "Without a 'speedy hearing,' Plaintiff will be without a timely remedy for obtaining the declaratory relief sought in its Amended Complaint and contemplated by Rule 57." But Plaintiff has not explained how the June 24 hearing it is requesting could provide "a timely remedy" with respect to a purported contract that expires 6 days later.

Even if the Court were able to issue a ruling from the bench on Monday, June 24, Local 450 submits that there would be no appreciable increase in the ability of the parties "to make informed decisions about their respective rights and duties arising out of the [purported] Agreement" between then and Sunday, June 30, when the purported contract expires, as claimed by Plaintiff. Certainly, the limited benefit of potentially having any such ruling for a few days before the purported contract expires does not justify placing this case on the extreme fast track advocated by Plaintiff.

V. **Conclusion and Prayer for Relief**

On the basis of the arguments presented above, Defendant Local 450 respectfully requests that the Court deny or strike Plaintiff's Motion for Speedy Hearing and Expedited Discovery in its entirety.

*Respectfully submitted,*

DEATS DURST OWEN & LEVY, P.L.L.C.
Richard Levy
State Bar No. 12268650
rlevy@ddollaw.com
Matt Bachop
State Bar No. 24055127
mbachop@ddollaw.com
1204 San Antonio Street, Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 (Fax)


   /s/ Matt Bachop
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on counsel for Plaintiff, Mr. Evan A. Moeller, HIRSCH & WESTHEIMER, P.C., 700 Louisiana, Suite 2550, Houston, Texas 77002-2772, Fax (713) 223-9319, by the Court's CM/ECF system on this 30th day of April, 2013.

   /s/ Matt Bachop
Matt Bachop