```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

TURNER INDUSTRIES GROUP, LLC,  §
                               §
          Plaintiff,           §
                               §
VS.                            §   CIVIL ACTION H-13-0456
                               §
INTERNATIONAL UNION OF OPERATING§
ENGINEERS, LOCAL 450,          §
                               §
          Defendant.           §

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, grounded in Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a),[1] seeking damages and a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, that Plaintiff Turner Industries Group, LLC ("TIG") has an enforceable labor contract[2] with Defendant International Union of Operating Engineers (IUOE"), Local 450 ("Local 450") and

---

[1] Section 185(a) recites,

  Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in a district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[2] A copy of the contract (Master Crane Rental Evergreen Project Labor Agreement, dated July 1, 2012) is attached to TIG's Complaint, Ex. A #1 (but actually filed separately in #3) and to TIG's Amended Complaint, Ex. A to #11.

-1-

that Local 450 is in ongoing, material breach of it, and tortious interference with prospective business relations under Texas common law, is TIG's motion to dismiss Local 450's counterclaim for breach of contract under 29 U.S.C. § 185(a) (instrument #64).

Specifically, Local 450 counterclaims that, in violation of six provisions of the parties' July 2012 Agreement, (1) TIG failed to identify a single project to Defendant on which the agreement would be binding, either by email to Defendant's business manager or otherwise; (2) TIG failed to notify Defendant's business manager by e-mail on any occasion Local 406 members were employed by TIG on projects within Local 450's jurisdiction; (3) TIG failed to notify Local 450 of any large projects, such as a plant shut-down or outage, and failed to arrange dates, times, and places to hold pre-job conferences prior to the commencement of any work on any project (Article VI, Section 1 of Ex. 1 to TIG's Amended Complaint (#11)); (4) TIG failed to hire applicants in accordance with Local 450's established referral procedure and, with two exceptions, failed to request referrals from Local 450 before hiring from any other source (Article VII, *id.*); (5) TIG failed to ensure that applicants it hired from other sources first acquired a referral from Local 450 before beginning any work (*id.*); and (6) TIG paid employees less than the wages and benefits listed in Appendices A and B to Ex. 1 of TIG's Amended Complaint, resulting in TIG's miscalculating the working dues to be sent to Local 450. #63 at

pp. 7-9.

TIG's motion to dismiss Local 450's counterclaim (#64) first asserts TIG's surprise at the counterclaim in light of Local 450's earlier motion to dismiss TIG's complaint based on TIG's failure to exhaust remedies through the grievance and arbitration procedure set out in the agreement. Although TIG states that the Court "ultimately agreed with TIG's assertions" of futility and repudiation doctrines, the Court emphasizes that it did not rule on the merits of TIG's reasons why it should be excused from the exhaustion doctrine, but only concluded that TIG had plausibly stated a excuses of futility and repudiation under Rule 12(b)(6). TIG maintains that Local 450 has no legally recognized excuse for failing to exhaust its contractual remedies.

TIG states that exhaustion of contractual remedies has long been required before the filing of a lawsuit when unions assert § 301 contract claims against an employer, as Local 450 has failed to do here. *Vaca v. Sipes*, 386 U.S. 171, 184-85 (1967); *Communications Workers of America v. AT&T Co.*, 40 F.3d 426, 434 (D.C. Cir. 1994)(finding dismissal of union's § 301 contract claim appropriate because the union had not shown that it exhausted contractual grievance and arbitration procedures); *Winery, Distillery, & Allied Workers Union, Local 186 v. E&J Gallo Winery, Inc.*, 757 F.2d 1353, 1358 (9th Cir. 1988)(dismissing union's § 301 contract claim because union had failed to exhaust contractual

remedies before filing suit); *National Post Office Mail Handlers Local No. 305 v. United States Postal Service*, 594 F.2d 988, 991 (4th Cir. 1979)("it is a well-established principle of labor law that a union and its members must exhaust remedies provided in the collective bargaining agreement with the employer before they seek judicial intervention").

Furthermore, a party seeking relief under § 301 must allege sufficient facts in its complaint to show that it has either exhausted its contractual remedies or pleaded facts showing either futility or repudiation by the other party to excuse such failure. *Mann v. Georgia-Pacific Corp.*, 651 F. Supp. 580, 582 (W.D. Ark. 1986); *Int'l Molders and Allied Workers Union v. Aquarius Shoe Corp.*, 511 F. Supp. 361, 363 (E.D. Mo. 1981). Local 450's counterclaim fails to do so.

Moreover Local 450 has admitted that it, not TIG, repudiated the underlying agreement in its January 28, 2013 letter to TIG and thus cannot excuse its failure to exhaust under the repudiation doctrine. While Local 450 argues that the contract has now expired, that fact is irrelevant to determining whether Local 450 met its duty to exhaust the contract's grievance and arbitration procedure. *Painters Dist. Council No. 2 v. Tiger Stripers, Inc.*, 582 F. Supp. 2d 860, 863 n.1 (E.D. Mo. 1984)("fact that contract has expired is not relevant"). Unless Local 450 has a legally recognized excuse for its failure to exhaust contractual remedies,

and it has not yet proffered one, its counterclaim must be dismissed because Article X of the agreement requires exhaustion of the grievance and arbitration procedures prior to asserting the contract claim in the counterclaim. #11-1 at pp. 3-4. TIG points out that all of the alleged breaches in the counterclaim occurred before Local 450 repudiated the agreement, so Local 450 had the right and the duty to exhaust remedies.

In response (#71), Local 450 observes that TIG, itself, failed to plead repudiation and futility until it filed its response to Local 450's motion to dismiss.[3] Local 450 further claims that "better reasoned cases" hold that exhaustion of contractual remedies is an affirmative defense, not an element of a claim under 29 U.S.C. § 185. *Johnson v. General Motors*, 641 F.2d 1075, 1079 (2d Cir. 1981)(holding that "the burden of establishing entitlement to the exhaustion defense lies with the" party raising the defense)[4]; *Dorn v. Myers Parking Sys.*, 395 F. Supp. 778, 786 (E.D. Pa. 1975)(exhaustion need not be addressed in the complaint and that the party against whom the claim is made has the initial burden to plead and establish the affirmative defense of failure to

---

[3] TIG objects that its Amended Complaint specifically asserted that Local 450 denied the enforceability of the parties' agreement, a factual assertion sufficient to support TIG's right to file a suit without exhausting the grievance and arbitration procedure.

[4] TIG asserts that *Johnson* did not address the pleading requirement under Rule 12(b)(6), but only discussed which party had the burden of proving that the grievance procedures afforded the employee were fair.

exhaust); *Miller v. ICX*, 358 F. Supp. 1378, 1380 (N.D. Ill. 1972)(failure to exhaust contractual remedies is an affirmative defense and exhaustion or excuse is not an element required to be pleaded); *Richardson v. Communications Workers of America*, 267 F. Supp. 403, 405 (D. Neb. 1967)("plaintiff's complaint is not deficient from failure to allege exhaustion of contractual remedies. This is not to say, however, that the issue may not be asserted by the defendant in defense to the action at trial.").

Local 450 also maintains that it is not required to exhaust contractual remedies for two reasons. First it would have been futile because TIG made it clear that it would not change its position through a grievance process. *United Protective Workers v. Ford Motor Co.*, 233 F.2d 49, 51 (7th Cir. 1955)(exhaustion is futile where the company has "made it clear that it was not going to change its position"). Second, this Court has already ruled that exhaustion is not required for claims brought under the contract in dispute here. #62 at 36.[5] Thus the ruling is the law of the case and should continue to govern the same issue in the same case.[6]

---

[5] Local 450 mischaracterizes the Court's ruling. It determined that TIG stated plausible claims under Rule 12(b)(6) based on Local 450's actions, not that it has prevailed on them.

[6] Even if the Court had ruled as Local 450 argues, this Court disagrees that the decision would have been the law-of-the-case. The law-of-the-case doctrine, "under which an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal," does not apply because there has been no appeal of the Court's determination barring a scrivener's error defense. *United States*

In addition, Local 450 contends that the motion is untimely as the deadline for dispositive motions was February 10, 2014.

Finally, argues Local 450, the motion should be denied or stricken for failure to comply with Local Rule 7.1(c), which requires opposed motions to be "accompanied by a separate proposed order granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted."

In reply (#72), TIG highlights the fact that Local 450 has not shown why the cases it cites for the proposition that exhaustion of contractual remedies is an affirmative defense that does not have to be pleaded are "better reasoned" than those that TIG relies on. TIG maintains that its authority is more recent and more consistent with the prevailing authority, but fails to cite further cases to demonstrate its point.

TIG further contends that Local 450 is not excused from exhausting its contractual remedies. There is no dispute that Local 450 had the right to grieve and arbitrate TIG's alleged

---

*v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). The doctrine does not apply to bar a district court from reconsidering its own prior orders. *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 171 (5th Cir. 2010)(*citing Christianson v. Colt Indus, Operating Corp.*, 486 U.S. 800, 817 (1988)), *cert. denied*, 131 S. Ct. 3059 (2011). Furthermore, while the doctrine "'directs a court's decision, it does not limit the tribunal's power.'" *Id., quoting Arizona v. California*, 460 U.S. 605, 618 (1983). It is "a rule of convenience designed to prevent unnecessary reconsideration of previously decided issues," but it is a rule that "'yields to adequate reason.'" *Id., citing Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983).

breaches because they all occurred before Local 450's January 28, 2013 repudiation. *Painters Dist. Council*, 582 F. Supp. at 863 n.1 (union's contract claim was contingent on whether it complied with legal duty to exhaust the contractual remedies available when breaches occurred, and "the fact that contract has expired is not relevant."). Furthermore the Court did not rule that Local 450 was excused by its conduct from exhausting contractual remedies, but only that TIG was because of Local 450's conduct. #62 at p. 36.[7]

As for the timeliness issue, Local 450 ignores the fact that it did not file its counterclaim until April 10, 2014, too late for TIG to meet the deadline. Meanwhile TIG has a right and a duty under Rule 12 to file a responsive pleading, as it has in its motion to dismiss. The Court agrees with TIG on this issue.

Last of all, TIG argues that Local 450 has not shown and cannot show any prejudice from TIG's failure to include a proposed order granting its motion to dismiss. Again, the Court agrees. The issue is far better resolved on the merits.

Having reviewed the briefs and the applicable law, the Court concludes that courts have consistently held that arbitration provisions survive the expiration or termination of collective bargaining agreements containing them under specified circumstances. *Nolde Bros., Inc. v. Local No. 358, Bakery &*

---

[7] As noted, the Court found that TIG had stated a plausible excuse for not exhausting its contractual remedies, not that it prevailed on that excuse.

*Confectionary Workers Union*, 430 U.S, 243, 255 (1977)(addressing whether arbitration of the employees' right to severance pay expired with termination of the collective bargaining agreement)[8];

---

[8] In *Nolde*, the Supreme Court opined, 430 U.S. at 252-54,

    The parties agreed to resolve all disputes by resort to the mandatory grievance-arbitration machinery established by their collective-bargaining agreement. The severance-pay dispute, as we have noted, would have been subject to resolution under those procedures had it arisen during the contract's term. However, even though the parties could have so provided, there is nothing in the arbitration clause that expressly excludes from its operation a dispute which arises under the contract, but which is based on events that occur after its termination. The contract's silence, of course, does not establish the parties' intent to resolve post-termination grievances by arbitration, but in the absence of some contrary indication, there are strong reasons to conclude that the parties did not intend their arbitration duties to terminate automatically with the contract. Any other holding would permit the employer to cut off all arbitration of severance-pay claims by terminating an existing contract simultaneously with closing business operation.
    By their contract the parties clearly expressed their preference for an arbitral, rather than a judicial-interpretation of their obligations under the collective-bargaining agreement. Their reasons for doing so, as well as the special role of arbitration in the employer-employee relationship have long been recognized by this Court . . . .
    While the termination of the collective-bargaining agreement works an obvious change in the relationship between employer and union, it would have little impact on many of the considerations behind their decision to resolve their contractual differences through arbitration. The contracting parties' confidence in the arbitration process and an arbitrator's presumed special competence in matters concerning bargaining agreements does not terminate with the contract. Nor would their interest in obtaining a prompt and inexpensive resolution of their disputes by an expert tribunal. Hence there is little reason to construe the contract to mean that the

*Litton Financial Printing Div. v. NLRB*, 501 U.S. 190, 205-06 (1991)(holding that a post-expiration dispute remains arbitrable only if the dispute has its "real source in contract," i.e., "only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement"). All of the alleged breaches in the counterclaim, which clearly arise from the collective bargaining agreement, occurred before Local 450 repudiated the agreement when Local 450 had a contractual obligation to grieve and to arbitrate. It, not TIG, purportedly repudiated the contract, and it has not asserted, no less shown, that it should be excused because of futility.

It appears undisputed that Local 450 did not grieve its counterclaims against TIG. With regard to the issue whether Local 450 has adequately pleaded an excuse of futility from the exhaustion requirement, however, the Court finds that courts are

---

parties intended their contractual duty to submit grievances and claims arising under the contract to terminate immediately on the termination of the contract; the alternative remedy of a lawsuit is the very remedy the arbitration clause was designed to avoid.
  It is also noteworthy that the parties drafted their broad arbitration clause against a backdrop of well-established federal labor policy favoring arbitration as the means of resolving disputes over the meaning and effect of collective-bargaining agreements.

split over whether exhaustion is an element of a § 301 claim or an affirmative defense and whether supporting facts need to be pleaded.  Because this case is going to trial this week and pleading issues will be moot, the Court finds that Local 450 may present its excuse of futility then.

    Accordingly, the Court

    ORDERS that TIG's motion to dismiss Local 450's counterclaim (#64) is currently DENIED.

    **SIGNED** at Houston, Texas, this 27th day of May, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE